**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | **Case No. 2:26-CR-011** |
| **Plaintiffs,** | ) | |
| | ) | **JUDGE ALGENON L. MARBLEY** |
| **v.** | ) | |
| | ) | |
| **BRENDAN CONKLIN** | ) | |
| | ) | |
| **Defendant.** | ) | |

**MOTION TO DISMISS COUNT TWO OF THE INDICTMENT
WITH PREJUDICE BASED ON MULTIPLICITY OF CHARGES**

A "multiplicitous" indictment charges "a single offense in more than one count in an indictment." *United States v. Myers*, 854 F.3d 341, 355 (6th Cir. 2017) (quoting *United States v. Swafford*, 512 F.3d 833, 844 (6th Cir. 2008)). A multiplicitous indictment is constitutionally infirm, insofar as it could result in a defendant's "being punished twice for the same crime." *Id*. (quoting *Swafford*, 512 F.3d at 844). "A party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits." Fed. R. Crim. P. 12(b)(1). Under 12(b)(3)(B), a defendant may bring a pretrial motion to challenge a defect in the indictment including "failure to state an offense" and multiplicity ("charging the same offense in more than one count"), among other defects. *Id.*

Defendant Brendan Conklin argues that Count Two of the Indictment is clearly multiplicitous of Count One of the Indictment as both Counts charge that while falsely representing himself to be an officer or employee of the United States, he allegedly detained, arrested, and searched Victim 1. (Indictment, Doc #: 1). The law is clear that a defendant may not be charged

with multiple offenses where the Government alleges only one affirmative act constituting the commission of more than one offense.

## MEMORANDUM IN SUPPORT

An indictment is multiplicitous when it charges "the same offense in more than one count." Fed. R. Crim. P. 12 (b)(3)(B)(ii). "'Multiplicity' is charging a single offense in more than one count in an indictment." *United States v. Lemons*, 941 F.2d 309, 317 (5th Cir. 1991). The danger to a defendant is that "[m]ultiplicity may result in a defendant being punished twice for the same crime or may unfairly suggest that more than one crime has been committed." *Swafford*, 512 F.3d at 844 (citing *United States v. Brandon*, 17 F.3d 409 (1st Cir. 1994) and *United States v. Dixon*, 921 F.2d 194 (8th Cir. 1990)). The prohibition against multiplicity prevents subjecting a defendant to double jeopardy. *Swafford*, 512 F.3d at 844.

Count Two of the Indictment charges that "On or about December 14, 2023, in the Southern District of Ohio, Defendant BRENDAN CONKLIN did falsely represent himself to be an officer, agent, and employee of the United States, and in such assumed character did arrest and detain another person, Victim l, and did in any manner search the person of Victim 1." (Indictment, Doc. #: 1). The condition precedent is an alleged false representation of as an officer, agent, or employee of the United States, and then the *actus reus* of the offense is that he allegedly arrested, detained and searched Victim 1. This is simply a recitation of the same condition precedent and *actus reus* in Count One of the Indictment which charges "On or about December 14, 2023, in the Southern District of Ohio, Defendant BRENDAN CONKLIN did falsely assume and pretend to be an officer and employee of the United States acting under the authority thereof and any department, agency, and office thereof, that is, a federal officer, and acted as such, in that he unlawfully detained and arrested another person, Victim 1, searched Victim 1, and held Victim 1 in custody" (*Id*.).

2

For purposes of both duplicity and multiplicity, the "test announced most often in the cases is that offenses are separate if each requires proof of an additional fact that the other does not." *United States v. Davis*, 306 F.3d 398, 416 (6th Cir. 2002) (internal citations omitted) (addressing question of duplicity); *see also Myers*, 854 F.3d at 355 ("To determine whether charges are multiplicitous, we generally analyze, under *Blockburger v. United States*, 284 U.S. 299 (1932), whether each charge requires proof of a fact that the other charge does not; if each charge does, then the charges accuse different crimes and are therefore not multiplicitous.").

The *Blockburger* analysis is well-worn and straightforward here: Count Two of the Indictment does not require proof of a single fact that is not also required by Count One of the Indictment. As such, Count Two is multiplicitous of Count One, and the multiplicity between the Counts requires the dismissal of Count Two or, a minimum, the government to elect between the two Counts. This motion can and should be determined without the need for a hearing on the merits.

For the reasons set forth above, Defendant Brendan Conklin moves the Court for immediate dismissal of Count Two of the Indictment. If the Court determines that a pretrial hearing on this issue is necessary, Mr. Conklin requests a hearing at the earliest opportunity.

Respectfully submitted,

*/s/ Michael J. Hunter*
Michael J. Hunter (0076815)
**Flannery | Georgalis, LLC**
175 S. Third Street, Suite 285
Columbus, Ohio 43215
T: (614) 324-4139
F: (614) 526-0601
mhunter@flannerygeorgalis.com

*Counsel for Defendant Brendan Conklin*

3

**CERTIFICATE OF SERVICE**

I hereby certify that on March 19, 2026, a copy of the foregoing was filed with the Court electronically via the Court's electronic filing system. Notice of this filing will be sent to the represented parties by operation of the Court's electronic filing system.

/s/ Michael J. Hunter
Michael J. Hunter (0076815)

*Counsel for Defendant Brendan Conklin*