**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| | : | **Case No. 2:26-cr-00011** |
| **Plaintiff,** | : | |
| | : | **Judge Algenon L. Marbley** |
| **v.** | : | |
| | : | |
| **BRENDAN CONKLIN,** | : | |
| | : | |
| **Defendant.** | : | |

**<u>OPINION & ORDER</u>**

This matter comes before the Court on Defendant Brendan Conklin's Unopposed Motion to File Documents Under Seal.  (ECF No. 40).  For the following reasons, Mr. Conklin's Motion is **GRANTED**.

## I.      BACKGROUND

Brendan Conklin allegedly impersonated a federal officer in December 2023.  While doing so, he detained and arrested a person, searching and holding that person in custody.  In January 2026, a grand jury charged Mr. Conklin with two counts:  (1) false impersonation of an officer or employee of the United States in violation of 18 U.S.C. § 912; and (2) while falsely impersonating an officer or employee of the United States, arresting and searching that person in violation of 18 U.S.C. § 913.  (ECF No. 1 at 1).

On April 13, 2026, Mr. Conklin filed a Motion in Limine seeking to introduce evidence regarding the alleged victim pursuant to Federal Rule of Evidence 404(b).  (ECF No. 39).  Alongside that Motion in Limine, Mr. Conklin seeks to submit records from the Franklin County Court of Common Pleas regarding his victim's criminal record.  He now asks that the records be sealed at this stage of the litigation "to protect the victim's identity."  (ECF No. 40 at 1).

## II.    LAW & ANALYSIS

Mr. Conklin fails to address the governing standard in his motion, so the Court raises it *sua sponte*.  There is a presumption of public access to "every document that a party files with the court for purposes of influencing a judicial decision."  *Grae v. Corr. Corp. of Am.*, 134 F.4th 927, 930 (6th Cir. 2025).  "Only the most compelling reasons can justify non-disclosure of judicial records."  *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016) (citation omitted).  When a district court seals court records, it must set forth its findings and conclusions justifying nondisclosure by establishing that:  (1) there are compelling interests supporting nondisclosure; (2) the public interest in access is outweighed by those compelling interests; and (3) the seal is no broader than necessary.  *Id.* at 306; *see Kondash v. Kia Motors Am., Inc.*, 767 F. App'x 635, 637 (6th Cir. 2019) (characterizing these three factors as independent requirements).

The Court finds that the privacy interests of the alleged victim are a sufficient reason to seal these records.  *Shane Grp.*, 825 F.3d at 308 (quoting *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995)) ("[T]he privacy interests of innocent third parties should weigh heavily in a court's balancing equation.").  There is a strong interest in maintaining the privacy of the purported victim of alleged crimes, one that outweighs—at least at present—the public's interest in accessing these records.  A seal is particularly appropriate where, as here, the alleged victim was "not responsible for the initiation of the underlying litigation," and may have a "justifiable expectation of privacy."  *In re Knoxville News-Sentinel Co.*, 723 F.2d 470, 477 (6th Cir. 1983).  Indeed, the victim's prior criminal history may be unrelated to Mr. Conklin's charged offenses.  Additionally, the proposed seal (which would protect the alleged victim's criminal record) is no broader than necessary to protect the victim's identity.  Any more tailored seal or redaction might defeat the

2

purpose of protecting the victim if the victim were identifiable based on other information contained within the criminal record. *Cf. Poe v. Lowe*, 756 F. Supp. 3d 567, 549–50 (M.D. Tenn. 2024) (granting a more expansive seal over the identities of family members for a third-party intervenor where necessary to ensure that protection afforded to the third-party intervenor's identity would not be circumvented); *compare Doe v. Teays Valley Loc. Sch. Bd. of Educ.*, 2024 WL 3841212, at *2 (S.D. Ohio Aug. 15, 2024) (ordering a more limited redaction where request to protect a minor plaintiff's identity sought to seal the entirety of depositions and exhibits, but the germane information could be "easily redacted from the public docket without wholesale sealing"). The victim's identity may be readily ascertainable based on the general facts surrounding the victim's state criminal record, and therefore a seal of these records is appropriate.

### III.    CONCLUSION

For the foregoing reasons, Defendant Conklin's Unopposed Motion to File Documents Under Seal (ECF No. 40) is **GRANTED**.  Mr. Conklin may file state court documents relating to the victim's Franklin County Court of Common Pleas case under seal.

**IT IS SO ORDERED.**

ALGENON L. MARBLEY
UNITED STATES DISTRICT JUDGE

**DATED:  April 14, 2026**

3