**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | **Case No. 2:26-cr-00011** |
| Plaintiff, | : | |
| | : | **Judge Algenon L. Marbley** |
| v. | : | |
| | : | |
| BRENDAN CONKLIN, | : | |
| | : | |
| Defendant. | : | |

## OPINION & ORDER

This matter comes before the Court on Defendant Brendan Conklin's Motions for a Bill of Particulars (ECF No. 27) and to Dismiss Count Two of the Indictment (ECF No. 19). For the following reasons, Defendants' Motions are **DENIED**.

## I.    BACKGROUND

Mr. Conklin is alleged to have falsely impersonated a federal officer while detaining, arresting, searching and holding in custody a person in December 2023. In January 2026, a grand jury charged Mr. Conklin with two counts: (1) false impersonation of an officer or employee of the United States in violation of 18 U.S.C. § 912; and (2) while falsely impersonating an officer or employee of the United States, arresting and searching that person in violation of 18 U.S.C. § 913. (ECF No. 1 at 1). Crucially, both counts contained the same factual allegations that Mr. Conklin detained, arrested, and searched a person while impersonating a federal officer. (*Id.*).

On March 19, 2026, Mr. Conklin moved to dismiss the second count of the Indictment with prejudice, arguing that it was impermissibly "multiplicitous" because it charged him twice of the single offense, thus would subject him to double jeopardy. (ECF No. 19 at 1–3). In response, the Government requested to hold briefing on the matter in abeyance for seven days so that it could

1

continue presenting the case before the grand jury.  (ECF No. 21 at 1–2).  Shortly thereafter, Mr. Conklin rejected a plea agreement offered by the Government.  Thus, the Government also requested a hearing pursuant to *Lafler v. Cooper*, 566 U.S. 156 (2012), to ensure that Mr. Conklin understood the consequences of rejecting a plea agreement.  (ECF No. 22 at 1–2).

The Court granted both requests and scheduled a *Lafler* hearing, (*see* ECF No. 23), and the Government filed a Superseding Indictment on April 2.  In the Superseding Indictment, the Government dropped from count one the allegations that, while Mr. Conklin was impersonating an officer, he had also *detained, arrested, and searched a person*.  Those allegations remained in the Superseding Indictment, but only within the second count.  (ECF No. 25).  At the *Lafler* hearing, which was held on April 3, the Government discussed the substance of the two counts within the Superseding Indictment, and Mr. Conklin confirmed that he understood the terms of, and rejected, the offered plea agreement.  (*See* ECF No. 28).  After the Government filed the Superseding Indictment, Mr. Conklin moved for a Bill of Particulars.  In that Motion, Mr. Conklin argued that the two counts contained within the Superseding Indictment remained multiplicitous, and that he must be provided with more detail about the nature of the charges to prepare for trial and minimize the danger of surprise.  (ECF No. 27 at 2–3).

The Government responded in opposition to both the Motion to Dismiss and the Motion for a Bill of Particulars, arguing that there was no impediment to charging violations of both statutes, the Superseding Indictment clarified any multiplicity issues, and Mr. Conklin had received sufficient notice of his alleged crimes.  (ECF No. 31 at 1).  Mr. Conklin replied, arguing that the Superseding Indictment had not solved the challenged multiplicity issue.  (ECF No. 32 at 1–3).  These matters are now ripe for review.

## II.    LAW & ANALYSIS

As a threshold matter, the Court's January 21 and April 3 Scheduling Orders provide that, for "[a]ll motions of any kind," "[r]eply briefs will not be filed."  (ECF Nos. 11 at 2; 29 at 2). Although these Scheduling Orders did not specifically state as much, as a general matter "it is expected that a party wishing to file" a reply brief under such circumstances "would move for the Court's leave to do so."  *United States v. Ball*, 2023 WL 1795703, at \*2 (E.D. Mich. Feb. 7, 2023). Mr. Conklin failed to do so before filing his reply brief, and thus, that brief (ECF No. 32) is improperly filed.  *See id.* at \*2–3 (striking reply brief exceeding page limitations); Fed. R. Crim. P. 57 (b) ("A judge may regulate practice in any manner consistent with federal law, these rules, and the local rules of the district.").

And the reply brief itself fails to provide any reason why leave should be given for its filing, when its filing would otherwise be contrary to the Court's prior orders.  *See generally Wright v. Murray Guard, Inc.*, 455 F.3d 702, 714 (6th Cir. 2006) ("The decision to grant a motion for leave to file a reply brief relies on the interpretation and application of local rules and local practice. . . . [T]hese are matters within the district court's discretion."); *see also, e.g.*, *Block Commc'ns, Inc. v. Moorgate Cap. Partners, LLC*, 2024 WL 509361, at \*4 (N.D. Ohio Feb. 8, 2024) (prohibiting reply briefs); *Little Hocking Water Ass'n, Inc. v. E.I. Du Pont De Nemours & Co.*, 2015 WL 12991138, at \*2 (S.D. Ohio Jan. 14, 2015) (similar).  Therefore, the reply brief is **STRICKEN**.

Next, the Court turns to Mr. Conklin's motions seeking dismissal of the second charged count and requesting a bill of particulars.

### A.  Motion to Dismiss

First, Mr. Conklin moved to dismiss on the basis of multiplicity.  *See* Fed. R. Crim. P. 12(b)(3)(B)(ii).  He challenged the sufficiency of the original Indictment, arguing that it was impermissibly multiplicitous because the challenged acts made up the essence of both charged counts.  (ECF No. 19 at 1–2).  Although the Government's Superseding Indictment technically mooted Mr. Conklin's Motion, Mr. Conklin argues in his request for a bill of particulars that the issue of multiplicity raised by the Motion to Dismiss is still live.  (*See* ECF No. 27 at 2).  In response, the Government counters that violations of each statute under each count "require proof of different facts," and thus the Superseding Indictment is not impermissibly multiplicitous.  (ECF No. 31 at 2–4).  Therefore, the Court considers whether the two counts contained within the Superseding Indictment are "clearly multiplicitous" of one another, subjecting Mr. Conklin to double jeopardy.  (ECF No. 19 at 1–2).

It is well-established that the Constitution prohibits "multiple punishments for the same offense."  *Whalen v. United States*, 445 U.S. 684, 688 (1980) (citation omitted).  This principle has historic roots in Anglo-American law:

> If there is anything settled in the jurisprudence of England and America, it is that no man can be twice lawfully punished for the same offence. . . . [T]here has never been any [d]oubt of its entire and complete protection of the party when a second punishment is proposed in the same court, on the same facts, for the same statutory offence.

*Ex parte Lange*, 85 U.S. 163, 168 (1873); *see* U.S. Const. amend. V ("[N]or shall any person be subject for the same offense to be twice put in jeopardy of life and limb.").  At the same time, separate offenses may arise out of the same action.  To determine whether an action leads to multiple offenses or just one, courts evaluate whether each of the asserted statutory provisions requires proof of a fact or an element which the others do not.  *Blockburger v. United States*, 284 U.S. 299, 304 (1932); *Newman v. United States*, 212 F.3d 450, 452 (6th Cir. 1954) (per curiam).

4

"If different or additional evidence is required the [multiple] offenses are separate and separate sentences may be imposed for each offense." *Newman*, 212 F.2d at 452. By contrast, if two offenses would be proved by the same evidence, "separate sentences cannot be imposed." *Id.*

*Newman* is instructive because it involved the same two statutes at issue here. In that case, defendant James Newman was indicted for violating 18 U.S.C. §§ 912 and 913 after he pretended to be an agent of the Alcohol Tax Unit. The first three counts, under section 912, alleged that Newman (1) falsely pretended to be a federal officer, (2) demanded a thing of value, and (3) obtained $550, two watches valued at $100, and a diamond ring valued at $1,200 from two victims. *Id.* at 451. The fourth and fifth counts, under section 913, alleged that while Newman falsely pretended to be a federal officer, he (4) detained the two victims, and (5) searched them and their residence. *Id.* After pleading guilty, Newman sought to challenge his convictions under 28 U.S.C. § 2255, and the district court denied his motion. Newman appealed, arguing that "all of the alleged offenses arose out of the same transaction," and that his cumulative sentence for the five counts constituted double punishment in violation of the Fifth Amendment. *Id.* at 451–52.

The *Newman* court affirmed the district court's judgment, reasoning that the five counts of the indictment for separate violations were separate offenses. *Id.* at 452. Because the evidence that was necessary to prove allegations of detention and search under 18 U.S.C. § 913 differed from the evidence necessary to prove allegations of falsely impersonating a federal officer under 18 U.S.C. § 912, the offenses were separate even though those "separate offenses arose out of the same transaction." *Id.* Thus, Newman's punishment did not constitute a Fifth Amendment violation.

*Newman*'s reasoning applies in this case. Even if it is not already mooted, Mr. Conklin's Motion to Dismiss must still be **DENIED** on the merits.

5

### B.  Bill of Particulars

Second, Mr. Conklin requested a bill of particulars immediately following the Superseding Indictment, so that he could be properly informed of the nature of the charges against him and prepare for trial.  The Rules of Criminal Procedure provide for bills of particulars.  Under Rule 7, "[t]he court *may* direct the government to file a bill of particulars.  The defendant may move for a bill of particulars before or within 14 days after arraignment or at a later time if the court permits." Fed. R. Crim. P. 7(f) (emphasis added).  The Sixth Circuit has explained the purpose of such bills as follows:

> A bill of particulars is meant to be used as a tool to minimize surprise and assist defendant in obtaining the information needed to prepare a defense and to preclude a second prosecution for the same crimes.  It is not meant as a tool for the defense to obtain detailed disclosure of all evidence held by the government before trial.

*United States v. Salisbury*, 983 F.2d 1369, 1375 (6th Cir. 1993) (citations omitted).  The court went on to note that defendants are "not entitled to discover all the overt acts that might be proven at trial," and the determination whether a bill of particulars is appropriate is left to "the sound discretion of the trial court." *Id.*  The test is "whether providing such details is necessary to the preparation of the defense and avoidance of prejudicial surprise." *United States v. Musick*, 291 F. App'x 706, 724 (6th Cir. 2008).

In arguing that a bill of particulars is necessary, Mr. Conklin again raises multiplicity concerns.  The Government counters that his request is an impermissible attempt at discovery, and that he had already been provided with "voluminous discovery" exceeding 1 terabyte of data, including body camera videos, footage from Mr. Conklin's vehicle,  victim and witness statements, police reports, videos, photographs, search warrants, and investigatory material.  (ECF No. 31 at 6–8).

First, Mr. Conklin argues that a bill is necessary because the two counts contained within the Superseding Indictment charge the same conduct—at least, based upon his "information and belief" following the changes from the original Indictment. (ECF No. 27 at 2). Thus, he again raises the multiplicity issue discussed in his Motion to Dismiss. But, as already discussed, *see* Section II(A), *supra*, the Superseding Indictment does not present any multiplicity issue. This first argument fails.

Second, Mr. Conklin argues that a bill is necessary to allow him to prepare for trial and minimize surprise. (ECF No. 27 at 3). True, bills of particulars are "tool[s] to minimize surprise and assist defendant[s] in obtaining the information needed to prepare a defense and to preclude a second prosecution for the same crimes." *Salisbury*, 983 F.2d at 1375. But they are *not* "tool[s] for the defense to obtain detailed disclosure of all evidence held by the government before trial." *Id.* Here, the "surprise" Mr. Conklin is concerned about relates back to his worry that the counts of the Superseding Indictment are multiplicitous. (ECF No. 27 at 3). Once more, this concern fails. *See* Section II(A), *supra*. The Superseding Indictment is "sufficient to alert [Mr. Conklin] to the sum and substance of the [G]overnment's accusations." *United States v. Wickline*, 2008 WL 2121222, at *1 (S.D. Ohio May 20, 2008) (Marbley, J.) (denying motion for a bill of particulars). It does not matter that Mr. Conklin believes that how he "act[ed] as a federal law enforcement officer . . . as alleged in Count One" could be "quickly answered" by a bill of particulars. (ECF No. 27 at 3). He "is not entitled to discover all the overt acts that might be proven at trial" through such a bill. *Salisbury*, 983 F.2d at 1375.

Additionally, the Government has represented that Mr. Conklin has received substantial discovery, including video and victim and witness statements. Based upon the Government's representation, Mr. Conklin has access to a wealth of information allowing him to "prepar[e] his

defense and prevent unfair surprise at trial." *United States v. Happ*, 2008 WL 5101214, at \*2 (S.D. Ohio Nov. 25, 2008) (Marbley, J.) (denying motion for a bill of particulars).  Mr. Conklin's Motion to for a Bill of Particulars is **DENIED**.

### III.    CONCLUSION

For the foregoing reasons, Defendant Conklin's Motions (ECF Nos. 19; 27) are **DENIED**.

**IT IS SO ORDERED.**

**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT JUDGE**

**DATED:  April 16, 2026**